UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Reecon M & E Co., Ltd., Guohong Fu, Yaodang Wang, and Du-Hope International Group, ) ) ) | | |
| Plaintiffs, ) | Case No. 2:18-cv-631-JFC | |
| ) ) | | |
| v. ) ) | | |
| Reecon North America, LLC, and David Brand, ) ) ) | | |
| Defendants. ) | | |

## JOINT PLAN FOR JURISDICTIONAL DISCOVERY

As ordered by the Court during the July 18, 2018 Status Conference and in the Court's July 19, 2018 Minute Entry, counsel for Plaintiffs, Frank Salpietro, and counsel for Defendants, David Belczyk, met and conferred in person regarding jurisdictional discovery on July 26, 2018, and continued their efforts throughout the finalization of this Joint Plan over ensuing days. The parties jointly submit the following jurisdictional discovery plan:

1. Jurisdictional discovery will proceed in this matter in conjunction with, and not in addition to, related jurisdictional discovery in Case No. 2:18-cv-234-JFC.

2. In accordance with the July 18, 2018 Status Conference, topics for jurisdictional discovery will be limited to (1) the contested memberships of Guohong Fu and Yaodong Wang in Reecon North America, LLC, f/k/a Brand Marketing Group, LLC, and (2) the applicability of the United Nations Convention on Contracts for the International Sale of Goods to claims in this matter. Jurisdictional discovery will not include alleged damages related to the contested memberships.

3. The parties may serve Interrogatories, Requests for Production, and Requests for Admission, according to the Federal Rules of Civil Procedure, as follows:

    a. Plaintiffs, together, shall be permitted up to 8 Interrogatories (including subparts), 8 Requests for Production (including subparts), and 8 Requests for Admission (including subparts);

    b. Defendants, together, shall be permitted up to 8 Interrogatories (including subparts), 8 Requests for Production (including subparts), and 8 Requests for Admission (including subparts);

    c. Counsel for Plaintiffs will accept service of Defendants' written discovery on behalf of all Plaintiffs. Similarly, counsel for Defendants will accept service of Plaintiffs' written discovery on behalf of all Defendants.

4. All written discovery and responses will be exchanged in English, except to the extent any of the documents requested are in Chinese.

5. The parties expect that electronically stored information ("ESI") will be responsive to written discovery. The parties have preserved such information. For purposes of jurisdictional discovery only, the parties agree that they may produce such ESI in "pdf" format, and counsel agree to meet and confer regarding limited specific documents that may be requested in native format.

6. Defendants will depose both Guohong Fu and Yaodong Wang.

    a. Defendants will provide translators for these depositions at Defendants' expense.

    b. Defendants will be allowed up to 7 hours on the record with each individual.

    c.   These depositions will be videotaped and transcribed and shall be authentic and admissible under Fed. R Civ. P. 32 at any subsequent hearing, subject to the Federal Rules of Evidence.

    d.   These depositions are without prejudice to Defendants' subsequent depositions of these individuals during any merits discovery.

    e.   The depositions will occur in Hong Kong. Counsel for the parties will pay their own costs to attend (in person or by videoconference). The parties dispute which should pay the airfare and lodging expenses for Guohong Fu and Yaodong Wang's travel to Hong Kong. The parties reserve the right to seek shifting of these costs pursuant to any applicable contract between the parties.

    f.   The parties agree that the deponents shall be under oath, the depositions will be valid, and the depositions and their transcriptions and video recordings will be treated as though they had been taken in the Western District of Pennsylvania.

7.   As ordered by the Court during the July 18, 2018 Status Conference and in the Court's July 19, 2018 Minute Entry, Plaintiffs will depose David Brand, president of Reecon North America, LLC, for no more than three hours on the record, in the Western District of Pennsylvania. The deposition is without prejudice to Plaintiffs' subsequent deposition of Mr. Brand during any merits discovery or Plaintiffs' right, if any, to call Mr. Brand as a live witness for cross-examination at any jurisdictional hearing. Any such deposition would also be without prejudice to Plaintiffs' right, if any, to use relevant portions of the deposition of Mr. Brand taken in the Court of Common Pleas of Allegheny County at GD-17-12273 on March 8 and 9, 2018, as permissible under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

8. Plaintiffs seek third-party depositions of the following three individuals: John Sherman, Frank Bernard, and John Newmann. Defendants object to these depositions as irrelevant. The parties are prepared to discuss their respective positions regarding these objections during the August 1, 2018 status conference

   a. If the Court elects to allow these three depositions, the parties agree to the following:

      i. Plaintiffs will have to procure these depositions via subpoena or other means; there is no representation that the three individuals will cooperate.

      ii. Plaintiffs, together, will be allowed up to 2 hours on the record with each of these three deponents. Defendants, together, will be allowed up to 2 hours on the record with each of these three deponents.

      iii. Any such depositions are without prejudice to the parties' subsequent deposition of these individuals during any merits discovery.

      iv. Defendants object to any other third-party deponents proposed by Plaintiffs, and no other third-party depositions will be permitted during jurisdictional discovery without leave of Court.

9. During counsels' meet and confer, Plaintiffs' counsel presented to Defendants' counsel two documents: a July 5, 2015, 12:42 a.m. email from David Brand to Guohong Fu attaching a one-page spreadsheet, and a July 29, 2013, 12:52 p.m. email from David Brand to Guohong Fu attaching a one-page letter. The parties stipulate (a) that the documents are authentic, (b) that the attachments to the emails were sent in the form presented, and (c) that David Brand signed the letter attached to the July 29, 2013 email. All other objections regarding

relevance or admissibility are preserved.  Based on these stipulations, the parties will not need to present expert reports or expert witnesses related to jurisdictional discovery.

      10.      In light of the foregoing, the parties propose the following schedule for jurisdictional discovery:

      a.      The parties shall serve any Interrogatories, Requests for Production, and Requests for Admission, according to the Federal Rules of Civil Procedure, on or before August 10, 2018;

      b.      The parties shall respond to Interrogatories, Requests for Production, and Requests for Admission on or before September 7, 2018;

      c.      All depositions will occur before the end of October 2018;

      d.      Following completion of the two Hong Kong depositions, the parties will provide notice to the Court with a request for dates for a jurisdictional hearing.

      11.      The parties request a live hearing on jurisdiction.  The parties agree that, at the live hearing, testimony may be offered by Mr. Brand, Mr. Fu, and Mr. Wang as well as other individuals who have been deposed during jurisdictional discovery in this matter.  This testimony may be offered live or by deposition, to the extent agreed to in this plan or otherwise allowed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence.  The parties also agree that at the hearing any party may use as exhibits any documents produced during jurisdictional discovery in this matter, subject to the Federal Rules of Evidence.

Dated:  July 30, 2018					Respectfully submitted,


							*s/ David M. Belczyk*
							David M. Belczyk (Pa. ID 204214)
							PORTER WRIGHT MORRIS & ARTHUR LLP
							1 PPG Place, Floor 28
							Pittsburgh, PA 15222
							Phone:  412-235-1483
							Fax:  412-235-4510
							dbelczyk@porterwright.com

							*Counsel for Defendants*


							*s/ Frank G. Salpietro*
							Frank G. Salpietro (Pa. ID 47154)
							ROTHMAN GORDON, P.C.
							Third Floor - Grant Building
							Pittsburgh, PA  15219
							Phone:  412-338-1185
							Fax:  412-246-1785
							fgsalpietro@rothmangordon.com

							*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on July 30, 2018, the foregoing *Joint Plan for Jurisdictional Discovery* was filed and served upon all counsel of record via the Court's ECF filing system.

*s/ David M. Belczyk*
David Belczyk, Esq.

*Counsel for Reecon North America, LLC*